UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

  Plaintiff,

  v.           CAUSE NO.: 3:19-CV-548-JD-MGG

WARDEN, et al.,

  Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, initiated this case by signing and mailing a complaint on July 11, 2019 (ECF 1 at 5), complaining about events that took place on July 3, 2019, and July 4, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Cleveland is suing eight defendants alleging a laundry-list of alleged wrongs occurring at the Indiana State Prison on July 3, 2019, and July 4, 2019. His medication was delayed, an officer twisted his arm while he was in cuffs, spat upon him, and used mace on him when he knew he had breathing problems. His mat was

taken from him. A group of officers assaulted him. An officer took his inhaler away from him. Some of his claims appear to be duplicative of those raised in other cases. *See Cleveland v. Warden*, 3:19-CV-550-JD-MGG (N.D. Ind. filed July 5, 2019)(asserting a claim based on his mat being removed from his cell on July 4, 2019). *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Setting aside whether Cleveland's complaint is duplicative, this action must be dismissed because Cleveland has not exhausted his administrative remedies. Cleveland acknowledges that his claims were grievable, and indicates that he filed a grievance but that he had not received a response at the time he filed his complaint. He explains that he filed a grievance, but he is waiting for a response. (ECF 1 at 5.)

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant

2

> administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Cleveland admits that he did not exhaust his administrative remedies prior to filing suit. He filed this action just one week after the alleged events occurred, and before he either received a response or filed an appeal. Therefore, this case cannot proceed. If Cleveland can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on September 23, 2019

                                                            /s/ JON E. DEGUILIO
                                                            JUDGE
                                                            UNITED STATES DISTRICT COURT